**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IMAN MAY,

    Defendant - Appellant.

No. 20-1204
(D.C. Nos. 1:17-CV-01792-REB &
1:15-CR-00155-REB-DW-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Pro se petitioner Iman May seeks a certificate of appealability ("COA") to appeal

the district court's denial of his 28 U.S.C. § 2255 motion.  Exercising jurisdiction under

28 U.S.C. §§ 1291 and 2255(d), we deny a COA and dismiss the appeal.

**I**

May pled guilty to two counts of abusive sexual contact in Indian Country, in

violation of 18 U.S.C. §§ 2244(a)(1), (b), and 1153.  The district court sentenced him to

144 months' imprisonment and entered its final judgment on March 1, 2016.  May did

not file a direct appeal.  On July 24, 2017, May filed this § 2255 motion.  The district

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court denied his motion as time-barred and declined to grant a COA. May now seeks a COA from this court.

## II

Because May proceeds pro se, we liberally construe his pleadings but "do not assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted). A petitioner may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make this showing, May must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Under the Antiterrorism and Effective Death Penalty Act, § 2255 motions are subject to a one-year limitations period. 28 U.S.C. § 2244(d). This period generally runs from the date a conviction becomes final. See § 2244(d)(1). May's conviction became final when his deadline to file a direct appeal expired—on March 15, 2016, fourteen days after the entry of final judgment. See Fed. R. App. P. 4(b)(1)(A). The limitations period expired one year later. May filed this § 2255 motion in July 2017, several months after the expiration of the limitations period. Absent equitable tolling, May's petition was therefore untimely.

Equitable tolling is "available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances

2

beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). It is also appropriate if "a prisoner is actually innocent." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). On appeal, May does not argue that he diligently pursued his claims or that he is actually innocent.[1] Accordingly, any argument for the application of equitable tolling is waived. See Sawyers v. Norton, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived.").

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. May's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] May argued before the district court that he was actually innocent, but he abandons this argument on appeal.